Donna L. WOLFE, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 06–4831–cv.

United States Court of Appeals, Second Circuit.

April 1, 2008.

Paul M. Ryther, East Bloomfield, NY, for Appellant.

Kristina Cohn, Special Assistant United States Attorney (Barbara L. Spivak, Chief Counsel–Region II and Richard Hill, Senior Attorney, on the brief) for Terrance P. Flynn, United States Attorney, Western

District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Circuit Judge, and Hon. LEONARD B. SAND, District Judge.[*]

### SUMMARY ORDER

Donna L. Wolfe ("Wolfe") appeals from an order entered on August 21, 2006 by the district court for the Western District of New York (Telesca, *J.*) affirming the Commissioner of Social Security's denial of disability insurance benefits and supplemental security income under the Social Security Act. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. In the main, Wolfe argues that (1) the Administrative Law Judge's findings are based on insufficient evidence, and (2) the Administrative Law Judge ("ALJ") erred in rejecting the opinion of the consultative examiner in favor of the psychiatric consultant's.

### ■ Sufficiency of the Evidence

The ALJ's adverse credibility determination is supported by substantial evidence. Wolfe made somewhat inconsistent statements regarding her alcohol use. And her sworn testimony that she was unable to return to any kind of work was weakened by her testimony and other representations that (1) she has learned techniques to successfully refocus her attention when she becomes distracted, (2) she goes to church about once every two weeks, (3) she leaves her home two to three times per week, (4) she attends weekly football games, and (5) she goes shopping.

---

The ALJ's finding that Wolfe retains the functional capacity to perform "simple, routine, unskilled tasks involving no more than minimal stress . . . and no more than minimal contact with the public, co-workers or supervisors" was supported by substantial evidence. Dr. Schorr indicated that Wolfe engaged in adequate eye contact, that her motor activity and language skills were adequate, and that her speech was clear and coherent. Dr. Burnett indicated that Wolfe's "ability to remember locations and worklike procedures," ability to understand, remember, and carry out instructions ranging from "very short" to "detailed," "ability to sustain an ordinary routine without special supervision," and "ability to make simple work-related decisions" were "not significantly limited." Dr. Burnett also opined that Wolfe was only moderately limited in her abilities "to maintain attention and concentration for extended periods," to perform activities within a schedule, to maintain regular attendance while being punctual within customary tolerances, "to complete a normal workday and workweek without interruptions from psychologically based symptoms," to perform at a consistent pace without unreasonably numerous or lengthy rest periods, and to respond appropriately to changes in work settings.

Finally, substantial evidence supports the ALJ's finding that Wolfe could perform other work in the national economy. The Commissioner may rely on testimony of a vocational expert in response to a hypothetical regarding availability of jobs so long as the hypothetical is based on substantial evidence. *See Dumas v. Schweiker*, 712 F.2d 1545, 1553–54 (2d Cir. 1983). Since we conclude that the ALJ's finding with respect to Wolfe's residual functional capacity was supported by substantial evidence, we conclude that the ALJ's reliance on vocational expert testi-mony that incorporated the ALJ's residual functional capacity finding was proper.

### Weight Accorded to Expert Opinions

Wolfe argues that the ALJ erred by affording more deference to Dr. Burnett's opinion than to Dr. Schorr's. Specifically, Wolfe argues that, because Dr. Schorr examined her while Dr. Burnett did not, Dr. Schorr's opinion (that she could not return to work) was entitled to greater deference than Dr. Burnett's opinion (that she could). We disagree.

In the absence of a controlling medical opinion from a medical source who treats the claimant, *see* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), the Social Security Administration ("SSA") weighs medical opinions based on six factors: (1) examining relationship, (2) treatment relationship, (3) supportability (*i.e.*, the extent to which the opinion is supported by medical signs, laboratory findings, and explanations), (4) consistency of the opinion with the record as a whole, (5) specialization of the source, and (6) "[o]ther factors" brought to the SSA's attention, such as the source's understanding of the SSA's disability programs. 20 C.F.R. §§ 404.1527(d), 416.927(d).

The ALJ did not err in giving greater weight to Dr. Burnett's opinion, in light of its consistency with the record as a whole.

We have considered Wolfe's remaining arguments and find them to be without merit. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.